**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| TERRY CHRISTIANSEN, | | |
| Plaintiff, | | No. 10-CV-131-LRR |
| vs. | | **ORDER** |
| WEST BRANCH COMMUNITY SCHOOL DISTRICT; BOARD OF DIRECTORS OF WEST BRANCH COMMUNITY SCHOOL DISTRICT; CRAIG ARTIST, INDIVIDUALLY AND AS SUPERINTENDENT OF WEST BRANCH COMMUNITY SCHOOL DISTRICT; SARA OSWALD, INDIVIDUALLY AND AS MIDDLE SCHOOL PRINCIPAL OF WEST BRANCH COMMUNITY SCHOOL DISTRICT; KATHY KNOOP, INDIVIDUALLY AND AS A MEMBER OF THE BOARD OF WEST BRANCH COMMUNITY SCHOOL DISTRICT; CHRISTOPHER KOBER; TERESA KOBER; and HENRY MAXWELL KOBER, | | |
| Defendants. | | |

_____

### *TABLE OF CONTENTS*

*I.*   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*   *RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . *3*

*III.*   *RELEVANT FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . *4*

*IV.*   *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    *A.*     *Plaintiff's Motion to Remand* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**
        *1.*     *Notice of removal* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**
            *a.*     *Parties' arguments* . . . . . . . . . . . . . . . . . . . . . . . . **5**
            *b.*     *Applicable law* . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
                *i.*     *Removal procedure and unanimity requirement* . . **6**
                *ii.*     *Form of consent* . . . . . . . . . . . . . . . . . . . . . **7**
            *c.*     *Applying the law* . . . . . . . . . . . . . . . . . . . . . . . . . **10**
        *2.*     *State law claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
    *B.*     *Motions to Dismiss* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**
        *1.*     *Standard of review* . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**
        *2.*     *42 U.S.C. § 1983* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**
            *a.*     *Parties' arguments* . . . . . . . . . . . . . . . . . . . . . . . . **15**
            *b.*     *Whether the West Branch Community School*
                   *District is an agency subject to exhaustion* . . . . . . . . **16**
            *c.*     *Whether appeal to an adjudicator would have*
                   *been futile* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**
            *d.*     *Whether Plaintiff was required to pursue*
                   *post-hearing proceedings under Iowa Code*
                   *Chapter 279 before filing an action* . . . . . . . . . . . . . **17**
            *e.*     *Whether Plaintiff's Complaint asserts claims not*
                   *governed by Iowa Code Chapter 279* . . . . . . . . . . . . **20**
                *i.*     *Procedural due process* . . . . . . . . . . . . . . . . **21**
                *ii.*     *Substantive due process* . . . . . . . . . . . . . . . . **21**
        *3.*     *State law claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **23**
**V.**     *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**

## I. INTRODUCTION

The matters before the court are: (1) Plaintiff Terry Christiansen's "Motion to Remand" (docket no. 8); (2) Defendants West Branch Community School District, Board of Directors of the West Branch Community School District, Craig Artist, Sara Oswald, and Kathy Knoop's (collectively, "West Branch Defendants") "Motion to Dismiss" ("West Branch Motion") (docket no. 6); and (3) Defendants Christopher Kober, Teresa Kober and Henry Maxwell Kober's (collectively, "Kober Defendants") "Motion to Dismiss" ("Kober Motion") (docket no. 7).

## II. RELEVANT PROCEDURAL HISTORY

On September 17, 2010, Plaintiff filed a Petition at Law ("Complaint") (docket no. 4-1) in the Iowa District Court for Cedar County, case no. LACV034637 against Defendants West Branch Community School District; Craig Artist, individually and as Superintendent of West Branch Community School District; Kathy Knoop; Christopher Kober; Teresa Kober; and Henry Maxwell Kober. On September 20, 2010, Plaintiff filed an Amended Petition at Law ("Amended Complaint") (docket no. 4), adding as Defendants Sara Oswald, individually and as Middle School Principal of West Branch Community School District and Kathy Knoop, individually and as a member of the Board of West Branch Community School District. In the Amended Complaint, Plaintiff alleges ten causes of action: (1) wrongful termination; (2) breach of contract; (3) violation of due process under 42 U.S.C. § 1983; (4) wrongful accusation of improper physical contact; (5) defamation; (6) violation of liberty interest; (7) interference with business and contractual relationships; (8) malicious prosecution; (9) abuse of process; and (10) negligence. Plaintiff also seeks a declaratory judgment.

On October 19, 2010 the West Branch Defendants removed the action to this court on the basis of federal question jurisdiction. On October 27, 2010, the West Branch Defendants filed the West Branch Motion. On November 5, 2010, the Kober Defendants filed the Kober Motion. On November 12, 2010, Plaintiff filed the Motion to Remand. On that same date, Plaintiff filed Resistances (docket nos. 10 & 9, respectively) to the West Branch Motion and the Kober Motion. On November 19, 2010, the West Branch Defendants filed a Response (docket no. 12) to Plaintiff's Resistance to the West Branch Motion.

On November 16, 2010, the Kober Defendants filed a Consent to Removal (docket no. 11). On November 19, 2010, Plaintiff filed a Response (docket no. 13) to the Kober Defendants' Consent to Removal. On November 26, 2010 the West Branch Defendants

filed a Resistance (docket no. 14) to the Motion to Remand. On December 3, 2010, Plaintiff filed a Reply (docket no. 15) to the West Branch Defendants' Resistance to the Motion to Remand.

### III. RELEVANT FACTUAL BACKGROUND[1]

Plaintiff is a licensed professional educator in the State of Iowa. Since approximately 2003, the West Branch Community School District employed Plaintiff in various capacities, including teacher, coach and bus driver. On or about September 19, 2008, after middle school football practice, several students engaged in a water fight on a school bus that Plaintiff was preparing to drive. One student, Henry Maxwell Kober, was disruptive and made an offensive gesture toward Plaintiff. Plaintiff asked Henry to leave the bus, but Henry did not leave. After Plaintiff approached him, Henry "ultimately left the bus and then accused [Plaintiff] of improper physical contact." Amended Complaint at ¶ 11. Plaintiff maintains that the accusation is untrue.

Henry told his parents, Christopher and Teresa Kober, and other unnamed individuals, that Plaintiff assaulted him. Christopher and Teresa Kober then told Kathy Knoop, a member of the West Branch school board, and other unnamed individuals that Plaintiff assaulted Henry. Kathy Knoop then told the West Branch Police Department and other unnamed individuals that Plaintiff assaulted Henry. Subsequently, Sara Oswald, West Branch Community School District Middle School Principal, initiated an investigation into the matter. Craig Artist, the West Branch School District Superintendent, recommended that the school district hold a hearing to terminate Plaintiff's employment. After a hearing, the West Branch Community School District terminated

---

[1] The following facts are construed in the light most favorable to the Plaintiff. *See Northstar Indus., Inc. v. Merill Lynch & Co., Inc.*, 576 F.3d 827, 832 (8th Cir. 2009) (noting that, upon review of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all of the allegations in the complaint are presumed to be true and are construed in the light most favorable to the nonmoving party).

Plaintiff's employment contract. Plaintiff did not appeal his termination.

Craig Artist and Henry, through his parents, Christopher and Teresa Kober, submitted complaints with the Iowa Board of Educational Examiners alleging that Plaintiff made inappropriate physical contact with Henry. Plaintiff was criminally charged for the alleged assault in Cedar County, Iowa, and was acquitted after a jury trial. Plaintiff alleges that Henry's allegations damaged Plaintiff's reputation, caused the termination of multiple contracts and resulted in the loss of income.

## IV. ANALYSIS

### A. Plaintiff's Motion to Remand

Plaintiff argues that the court should remand this action to the state court for two reasons: (1) the notice of removal is defective and (2) ten of the eleven counts in the Amended Complaint involve Iowa state law issues which should be resolved by Iowa state courts.

### 1. Notice of removal

### a. Parties' arguments

In the Motion to Remand, Plaintiff argues that the West Branch Defendants' Notice of Removal (docket no. 2) is defective because the Kober Defendants did not join in the Notice of Removal and the time for doing so expired. After Plaintiff filed the Motion to Remand, the Kober Defendants filed the Consent to Removal, in which they state:

> [The Kober Defendants] hereby consent to the removal of the above-entitled matter to the U.S. District Court for the Northern District of Iowa. Said Defendants previously filed a Motion to Dismiss Plaintiff's Complaint in this action, which they believed constituted a consent to the removal. However, in the event that it did not, [the Kober Defendants] are filing this Consent to reflect their desire that it be removed.

Consent to Removal at 1-2. In Plaintiff's Response to Consent to Removal, Plaintiff argues that the Consent to Removal is invalid because it was filed after the 30 day removal

period had expired. Plaintiff further argues that the Kober Defendants' Motion to Dismiss should not be construed as consent to removal.

The West Branch Defendants, in their Resistance to the Motion to Remand, argue that the Kober Defendants' "Motion to Dismiss should operate as consent to the Notice of Removal[.]" Resistance to Plaintiff's Motion to Remand at ¶ 8. The West Branch Defendants further argue, "Even if [the Kober Defendants'] Motion to Dismiss did not operate as a consent to removal, they cured this defect by filing a formal Consent on November 16, 2010." Brief in Support of Resistance to Plaintiff's Motion to Remand (docket no. 14-1) at 6.

### b.    *Applicable law*

#### i.    *Removal procedure and unanimity requirement*

Under the general removal statute, 28 U.S.C. § 1441, a defendant in a state court action may "remove to federal court any civil action over 'which the [federal] district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (quoting 28 U.S.C. 1441(b)). A defendant seeking to remove a civil action from state court must file in the appropriate United States District Court a notice of removal within 30 days after the defendant has been served with the initial pleading. *See* 28 U.S.C. § 1446(a) & (b). Courts have interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to the removal in order for the removal to be effective. *See, e.g., Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) ("Removal is authorized by 28 U.S.C. § 1441 and governed by § 1446. Where there are multiple defendants, all must join in a petition to remove within thirty days of service."). "This is referred to as the rule of unanimity." *Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 999 (S.D. Iowa 2001).

The unanimity requirement serves several important purposes, as noted by the First

Circuit Court of Appeals:

> The requirement of unanimity serves the interests of plaintiffs, defendants and the judiciary. Plaintiffs are advantaged, because, were the right to removal an independent rather than joint right, defendants could split the litigation, forcing a plaintiff to pursue its case in two separate forums. *See Sansone v. Morton Mach. Works, Inc.*, 188 F. Supp. 2d 182, 184 (D.R.I. 2002) (citing *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)). Defendants also stand to benefit from the requirement, as it precludes one defendant from imposing his choice of forum on a co-defendant. *Id.* (citation omitted). And the unanimity requirement prevents the needless duplication of litigation, thereby preserving court resources and eliminating the unattractive prospect of inconsistent state and federal adjudications. *Spillers v. Tillman*, 959 F. Supp. 364, 369 (S.D. Miss. 1997).

*Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009).

### ii.    Form of consent

"Although all courts agree generally on the requirement of unanimity, the circuits are split as to exactly what form a co-defendant's joinder must take." 16 James Wm. Moore et al., Moore's Federal Practice § 107.11[1][c] (3d ed. 2010). The Eighth Circuit Court of Appeals has acknowledged that, "[w]hile the failure of one defendant to consent renders the removal defective, each defendant need not necessarily sign the notice of removal." *Pritchett*, 512 F.3d at 1062 (citing *Getty Oil*, 841 F.2d at 1262 n.11). "There must, however, 'be some timely filed written indication from each served defendant,' or from some person with authority to act on the defendant's behalf, indicating that the defendant 'has actually consented to the removal." *Id.* (quoting *Getty Oil*, 841 F.2d at 1262 n.11).

The party opposing remand has the burden to establish unanimity. *See Ross*, 178 F. Supp. 2d at 999 (noting that it is the burden of the party opposing remand "to establish

that the joinder requirement for removal has been properly met"). "The defect in the removal process resulting from a failure of unanimity is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court." *Esposito*, 590 F.3d at 75; *see also Nolan v. Prime Tanning Co., Inc.*, 871 F.2d 76, 78 (8th Cir. 1989) (same). Further, although removal statutes are to be strictly construed, they should not be interpreted in a "hypertechnical and unrealistic manner[.]" *Bradley v. Maryland Casualty Co.*, 382 F.2d 415, 419 (8th Cir. 1967).

It appears that the question now before the court—whether the Kober Defendants' Motion to Dismiss may operate as a consent to removal—is a matter of first impression in this court. Likewise, it appears that the Eighth Circuit Court of Appeals has not decided this precise issue. However, several other federal courts have considered this question. Some courts have refused to treat an answer or a motion to dismiss as sufficient to convey a defendant's unambiguous consent to removal. *See, e.g., Peace v. Estate of Sorensen*, No. CV08-2880, 2008 WL 2676367, at *3 (C.D. Cal. June 30, 2008); *Gribler v. Wesblat*, No. 07 Civ. 11436, 2008 WL 563469, at *2 (S.D.N.Y. Feb. 25, 2008); *Henrich v. Falls*, No. Civ.A. 05-1488, 2006 WL 335635, at *2 (E.D. Va. Feb. 13, 2006); *Local Union No. 172 v. P.J. Dick, Inc.*, 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003); *Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 643 (E.D. Va. 2003); *Landman v. Borough of Bristol*, 896 F.Supp. 406, 409 (E.D. Pa.1995). Many of these courts have noted that the answer or motion to dismiss was insufficient to provide notice of consent to removal because it was filed beyond the 30 day removal period or failed to discuss the removal. *See, e.g., Wolfenden v. Long*, No. 5:09-CV-00536, 2010 WL 2998804, at *4 (E.D.N.C. July 26, 2010); *Gribler*, 2008 WL 563469, at *2; *Henrich*, 2006 WL 335635, at *2.

However, other courts have indicated that, in certain circumstances, a defendant's answer or motion to dismiss should be treated as notice that the defendant has joined in the

removal. *See, e.g., Esposito*, 590 F.3d at 75-77; *Harper v. AutoAliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004); *Noel v. Laclede Gas Co.*, 612 F. Supp. 2d 1051, 1055-57 (E.D. Mo. 2009); *Brauser v. Sunair Servs. Corp.*, No. 09-80438-CIV, 2009 WL 1939732, at *1 (S.D. Fla. July 6, 2009); *Mitchell v. Paws Up Ranch, LLC*, 597 F. Supp. 2d 1132, 1141-42 (D. Mon. 2009); *Gonzales v. Am. Home Prods. Corp.*, 223 F. Supp. 2d 803, 806 n.1 (S.D. Tex. 2002); *Glover v. W.R. Grace & Co., Inc.*, 773 F. Supp. 964, 965 (E.D. Tex. 1991); *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562-63 (C.D.Cal.1988); *see also Hunter v. Canadian Pac. Ry. Ltd.*, No. 07-3314, 2007 WL 4118936, at *2 n.3 (D. Minn. Nov. 16, 2007) (finding alleged unanimity defect unavailing where co-defendant filed an answer in federal court); *Morales v. Safeway Stores, Inc.*, No. C-01-3934, 2002 WL 202367, at *2 (N.D. Cal. Jan. 30, 2002) ("In some situations, filing an answer to a complaint within 30 days of removal may serve as a joinder and thereby cure the procedural defect.").

For example, in *Esposito*, 590 F.3d at 75-77, the First Circuit Court of Appeals considered whether a defendant's answer, filed in federal court within the 30 day time limit, constituted consent to removal. The First Circuit Court of Appeals recognized the split of authority over what type of writing is acceptable to provide such consent. "Although mindful of the principle that removal statutes are to be narrowly construed," the First Circuit Court of Appeals declined to "establish a wooden rule[.]" *Id.* at 76-77. Instead, the First Circuit Court of Appeals considered the relevant facts in the case and concluded that, under the circumstances, "a remand to state court would not serve the purposes of the unanimity requirement[.]" *Id.* at 77. The First Circuit Court of Appeals then affirmed the district court's conclusion that the defendant's answer satisfied the unanimity requirement and emphasized that "reaching [the] opposite conclusion would place form before function." *Id.*

The Sixth Circuit Court of Appeals also considered this issue in *Harper*, 392 F.3d

at 202. In that case, the Sixth Circuit Court of Appeals noted that, even if a defendant's statement of concurrence in a co-defendant's notice of removal did not satisfy the rule of unanimity, "it [was] clear that [the defendant] complied with the rule when he filed his answer within 30 days of being served with the complaint." *Harper*, 392 F.3d at 202.

A similar result was reached in *Noel*, 612 F. Supp. 2d at 1055-57. In that case, the United States District Court for the Eastern District of Missouri considered whether a defendant timely filed a consent to removal when the defendant filed a motion to dismiss during the 30 day removal period. *See id.* Because the motion to dismiss argued that the Eastern District of Missouri had federal question jurisdiction over the claims, the *Noel* court concluded that the motion to dismiss was an unambiguous manifestation of the defendant's consent to the removal of the action to federal court. *See id.* at 1056.

### c. *Applying the law*

In light of the foregoing, the court concludes that, under the circumstances presented here, the Kober Motion gave sufficient notice of the Kober Defendants' intent to join in the West Branch Defendants' removal of the case to federal court. The facts make clear that, on October 13, 2010, the Kober Defendants were each served with notice of the suit which Plaintiff filed in the Iowa District Court for Cedar County. On October 19, 2010, the West Branch Defendants filed a Notice of Removal. On October 27, 2010, the West Branch Defendants filed the West Branch Motion. On November 5, 2010, within the 30 day removal period, the Kober Defendants filed the Kober Motion. In their Brief in Support of the Kober Motion, the Kober Defendants expressed their intent to "rely upon the Brief of [the West Branch Defendants]." Brief in Support of the Kober Motion (docket no. 7-1) at 1. By relying upon all of the arguments presented by the West Branch Defendants in their Brief, the Kober Defendants reasserted the following statement:

> Plaintiff alleges a violation of 42 U.S.C. § 1983 in his [Amended Complaint], making removal pursuant to 28 U.S.C. § 1441(a) appropriate under federal question jurisdiction.

Brief in Support of the West Branch Motion (docket no. 6-1) at 2. This is undoubtedly an unambiguous expression of the Kober Defendants' intent to join in the West Branch Defendants' Notice of Removal. Thus, the court concludes that the Kober Defendants timely filed some "'written indication'" "that [they] 'ha[d] actually consented' to the removal." *Pritchett*, 512 F.3d at 1062 (quoting *Getty Oil*, 841 F.2d at 1262 n.11).

Furthermore, on November 16, 2010, only four days beyond the 30 day removal period, and two business days after Plaintiff filed the Motion to Remand, the Kober Defendants filed the Consent to Removal. In the Consent to Removal, the Kober Defendants make clear that they intended to join in the removal and believed their Motion to Dismiss constituted such consent. Many courts have concluded that where a defendant timely seeks to join in a removal, but the defendant's notice of removal is defective, the defendant may cure the defect after the 30 day removal period. *See, e.g., Esposito*, 590 F.3d at 77 ("[E]ven assuming that [defendant's] answer failed to satisfy the unanimity requirement, resulting in a technical defect in the removal process, the defect was subsequently cured when [defendant] opposed [plaintiff's] remand motion, thereby clearly communicating its desire to be in federal court."); *Harper*, 392 F.3d at 202 (same); *Carnchini v. Bank of America*, N.A., No. 4:10-CV-672, 2010 WL 379171 (W.D. Mo. Sept. 22, 2010); *Tresco, Inc. v. Continental Casualty Co.*, No. CIV 10-0390, 2010 WL 2977606, at *6-8 (D.N.M. July 2, 2010) (listing cases). Thus, the court concludes that, to the extent the Kober Motion was defective as a consent to removal, the Kober Defendants cured the defect by filing the Consent to Removal. Under the circumstances presented in this case, the court finds that the underlying purposes of the unanimity requirement would not be served by remand. *See Esposito*, 590 F.3d 72 at 75-77. The court shall, therefore, deny the Motion to Remand insofar as it is based upon a defect in the notice of removal.

### 2. *State law claims*

Plaintiff also seeks remand because ten of the eleven counts set forth in the Amended Complaint are state law claims. In support of this position, Plaintiff maintains that "state courts are better suited to dispose of state law claims, particularly those involving issues of first impression, such as this case which relates to the interpretation of Iowa Code [section] 280.21." Plaintiff's Reply Brief in Support of Motion to Remand (docket no. 15-1) at 4.

As discussed above, if a plaintiff files a civil suit in state court, a defendant may remove the action to federal court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a) & (b). Where, as here, there is no basis for diversity jurisdiction, federal question jurisdiction must exist for removal to be proper. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* In this case, Plaintiff's Amended Complaint raises a cause of action under 42 U.S.C. § 1983 for the "violation of [P]laintiff's due process rights guaranteed by the state and federal constitutions." Amended Complaint at ¶ 29. The court has subject matter jurisdiction over this claim, and it was properly removed pursuant to 28 U.S.C. § 1441(a). Consequently, the court does not have discretion to remand this claim to the Iowa District Court for Cedar County. *See Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996) ("A district court has no discretion to remand a claim that states a federal question.").

Where an action involves multiple claims, at least one of which is subject to federal jurisdiction, a federal court may also exercise supplemental jurisdiction over the state law claims, so long as they form part of the same case or controversy as the federal claim or claims. *See* 28 U.S.C. § 1367(a); *see also Gaming Corp.*, 88 F.3d at 543 ("[T]he

presence of even one federal claim gives the defendant the right to remove the entire case to federal court."). In the present case, each of the claims set forth in the Amended Complaint arise out of the same case or controversy. As a result, this court may elect to exercise supplemental jurisdiction over all of Plaintiff's claims. Plaintiff could have avoided removal, but by raising a federal claim in his Amended Complaint, he "subjected himself to the possibility that the defendants would remove the case to federal court." *Williams*, 147 F.3d at 703. Thus, this action was properly removed, and the court does not have discretion to remand the entire action.[2] *See id.* Accordingly, the court shall deny Plaintiff's Motion to Remand.

## B. Motions to Dismiss

### 1. Standard of review

Federal Rule of Civil Procedure 12(b)(6) provides that the court may dismiss a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Vila v. Inter-Am. Inv. Corp.*, 570

---

[2] Plaintiff does not argue that the court should exercise its discretion to remand only those matters in which state law predominates pursuant to 28 U.S.C. § 1441. However, even if Plaintiff raised this argument, the court would reject it because each of the claims arise out of the same case or controversy. *See* 28 U.S.C. § 1441(c) (stating that a court has discretion to remand predominately state law claims to state court where the federal claim is "separate and independent").

F.3d 274, 285 (D.C. Cir. 2009)). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the [claim]." *Bell Atl*, 550 U.S. at 556.

A plaintiff need not provide "detailed" facts in support of its allegations; however, the pleading requirement in Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Federal Rule of Civil Procedure 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). Instead, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level[.]'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## 2. *42 U.S.C. § 1983*

First, the court considers the West Branch Motion with respect to Plaintiff's claim under 42 U.S.C. § 1983. Then, if necessary, the court will consider Plaintiff's state law claims. In the Amended Complaint, Plaintiff alleges that the West Branch Defendants violated his procedural and substantive due process rights. Specifically, Plaintiff states that the West Branch Defendants "terminated [P]laintiff's employment without a complete, fair and impartial investigation and pre-termination hearing, and required prehearing processes[.]" Amended Complaint at ¶ 29. Plaintiff further alleges that the West Branch

Defendants "violated [P]laintiff's due process rights by wrongfully terminating his employment and damaging his reputation, by publishing false statements about [P]laintiff, by disregarding evidence which tended to exonerate [P]laintiff, and by failing to await a jury determination finding the [P]laintiff not guilty of the accusations brought against him." *Id.* at ¶ 32. Plaintiff does not allege a due process violation under 42 U.S.C. § 1983 against the Kober Defendants.

### *a.  Parties' arguments*

In the West Branch Motion, the West Branch Defendants assert that Plaintiff failed to exhaust his administrative remedies by failing to appeal the school board's adverse decision to an adjudicator pursuant to Iowa Code section 279.17. The West Branch Defendants maintain that such an appeal was Plaintiff's sole remedy, and as a result, the action should be dismissed for failure to state a claim.

In resistance to the West Branch Motion, Plaintiff maintains that his failure to appeal the school board's decision to an adjudicator does not constitute the failure to exhaust administrative remedies. Plaintiff further argues that, even if his failure to appeal does constitute the failure to exhaust, he was not required to exhaust his administrative remedies before bringing his 42 U.S.C. § 1983 claim. Specifically, Plaintiff argues that he was not required to appeal under Iowa Code section 279.17 before filing a court action because: (1) "the West Branch Community School District is not an agency subject to a requirement for exhaustion"; (2) "post-hearing proceedings under Iowa Code Chapter 279 are not required as a condition precedent to assert claims raised by Plaintiff in this case"; (3) "appeal to an adjudicator would have been futile and is not required"; and (4) "Plaintiff's [Amended Complaint] asserts rights and claims not governed by Chapter 279 of the Iowa Code." Plaintiff's Brief in Resistance to Defendants' Motion to Dismiss

("Pl. Br. in Resistance")[3] (docket no. 9-1) at 3, 4, 6, 8. The court will address each of Plaintiff's arguments, in turn.

### b. Whether the West Branch Community School District is an agency subject to exhaustion

At the outset, the court must reject Plaintiff's proposition that "the West Branch Community School District is not an agency subject to a requirement for exhaustion." Pl. Br. in Resistance at 3. Iowa courts accept the general proposition that "where an administrative remedy is provided by statute such remedy must be exhausted before resort may be had to the courts." *Lakota Consol. Indep. Sch. v. Buffalo Ctr./Rake Cmty. Schools*, 334 N.W.2d 704, 706 (Iowa 1983). Iowa courts have expressly applied this principle "to claims involving school districts." *Id.*; *see, e.g., Griffith v. Red Oak Cmty. Sch. Dist.*, 167 N.W.2d 166, 171 (Iowa 1969) ("Ordinarily where an administrative procedure such as the right of review of the [school] board's action under [C]hapter 290 is provided by statute, such remedy must be exhausted before a litigant may resort to the courts.").

### c. Whether appeal to an adjudicator would have been futile

The court likewise rejects Plaintiff's claim that an "appeal to an adjudicator would have been futile[.]" Pl. Br. in Resistance at 6. Plaintiff asserts that an appeal would have been futile because "the district and the board held a hearing that was premature, biased, lacked impartiality and was fundamentally unfair to plaintiff, and the board terminated his contract without a complete, fair and impartial investigation." *Id.* at 7. To support this assertion, Plaintiff points to his acquittal by an Iowa jury. However, Plaintiff does not explain how the board's impartiality would have impacted the adjudicator's ability to make

---

[3] Plaintiff filed two documents entitled "Brief in Resistance to Defendants' Motion to Dismiss." *See* docket nos. 9-1 & 10-1. One brief responds to the West Branch Motion, and the other responds to the Kober Motion. However, because these documents appear to be identical, the court will refer to only one brief in the instant order.

a fair assessment. Furthermore, "[t]he futility exception is concerned with the adequacy of the remedy, not a perceived predisposition of the decision maker." *N. River. Ins. Co. v. Iowa Div. of Ins.*, 501 N.W.2d 542, 546 (Iowa 1993). Thus, "[a] claim of bias is insufficient to avoid the exhaustion requirement." *Id.*

### d. Whether Plaintiff was required to pursue post-hearing proceedings under Iowa Code Chapter 279 before filing an action

Plaintiff also claims that he was not required to appeal the school board's determination to an adjudicator because "post-hearing proceedings under Iowa Code Chapter 279 are not required as a condition precedent to assert [the] claims raised by Plaintiff in this case." Pl. Br. in Resistance at 4. Plaintiff bases this argument largely on *Moravek v. Davenport Cmty. Sch. Dist.*, 262 N.W.2d 797 (Iowa 1978). In *Moravek*, the Iowa Supreme Court held that the 1975 version of Iowa Code Chapter 279 did not require a teacher to exhaust the remedy provided therein before the teacher could seek redress with the courts. *See id.* at 802. However, since *Moravek*, Iowa Code Chapter 279 has undergone substantial revision. *See, e.g., Shenandoah Educ. Ass'n v. Shenandoah Cmty. Sch. Dist.*, 337 N.W.2d 477, 480 (Iowa 1983) (discussing revisions). Iowa courts interpreting the revised version of Iowa Code Chapter 279 have indicated that the sole remedy for teachers contesting the termination of an employment contract is to pursue the procedures set forth in the relevant statutes. *See Walthart v. Bd. of Dir. of Edgewood-Colesburg Cmty. Sch. Dist.*, 667 N.W.2d 873, 878 (Iowa 2003); *Bishop v. E. Allamakee Cmty. Sch. Dist. (In re Bishop)*, 346 N.W.2d 500, 503-04 (Iowa 1984); *Wollenzien v. Bd. of Educ. of the Manson Cnty. Sch. Dist.*, 297 N.W.2d 215, 217-18 (Iowa 1980).

The Iowa Supreme Court addressed this issue in *Wollenzien*, 297 N.W.2d at 216-18. In that case, a school superintendent notified a teacher that the school administration was recommending her for termination, and the teacher sought a hearing before the school board pursuant to Iowa Code section 279.15. *Wollenzien*, 297 N.W.2d at 216. The school board held a hearing, and the teacher subsequently appealed her termination to an

adjudicator pursuant to Iowa Code section 279.17. *Id.* On June 9, 1977, the adjudicator filed a decision adverse to the teacher, and on July 5, 1977, the teacher filed a notice of appeal with the trial court, pursuant to Iowa Code section 279.18. *Id.* at 217. Importantly, Iowa Code section 279.17, which establishes the procedure by which a teacher may appeal the board's determination, states that a "teacher may reject the adjudicator's decision by notifying the board's secretary in writing within ten days of the filing of [his or her] decision." Iowa Code § 279.17(7). After the trial court upheld the termination, the teacher again appealed, and the Iowa Supreme Court considered "whether section 279.17 requires written rejection of an adjudicator's decision by the teacher to the school board before the teacher may appeal [to a trial court] under 279.18." *Wollenzien*, 297 N.W.2d at 217. The Iowa Supreme Court concluded that it does. *Id.* at 217-18. Thus, when the teacher did not notify the school board that she was rejecting the adjudicator's decision within ten days of that decision, "the adjudicator's decision was final and binding and it was not subject to later appeal." *Id.* at 218. Accordingly, the Iowa Supreme Court dismissed the appeal.

In *Bishop*, 346 N.W.2d at 503-07, the Iowa Supreme Court reaffirmed its holding in *Wollenzien*. In *Bishop*, a teacher appealed her termination by the school district to an adjudicator, pursuant to Iowa Code section 279.17. *Id.* at 503. The adjudicator upheld the decision, and the teacher orally notified the board secretary that she was rejecting the adjudicator's decision. *Id.* However, the teacher did not give the secretary written notice. *Id.* Instead, she later filed an appeal with the district court. *Id.* Relying on *Wollenzien*, the district court dismissed the teacher's action. *Id.* On appeal, the Iowa Supreme Court emphasized that "[t]he statutory requirements of Iowa Code section 279.17 were intended to govern all teacher termination proceedings." *Id.* at 504. The Iowa Supreme Court noted that "compliance with section 279.17," which requires a teacher to issue written notice of her rejection of the adjudicator's decision, is "a prerequisite to perfecting an

appeal to [a] district court[.]" *Id.* at 503-04. Because the teacher failed to issue written notice pursuant to the statute, the adjudicator's decision became final and unappealable. *Id.* at 505.

The Iowa Supreme Court reached a similar result in *Walthart*, 667 N.W.2d at 875-79. In *Walthart*, a teacher who was terminated by the school district's board of directors appealed her termination to an adjudicator pursuant to Iowa Code section 279.17. *Id.* at 873-74. At the same time, the teacher brought a separate action in certiorari claiming her termination was illegal. *Id.* at 874. The district court considered the teacher's claims and rejected them on their merits. *Id.* On appeal, the Iowa Supreme Court concluded the district court did not have jurisdiction over the teacher's claims. *Id.* at 875. The Iowa Supreme Court first concluded that the board's decision was not final for purposes of certiorari. *Id.* The Iowa Supreme Court noted that "under section 279.17, the action of the board becomes final (1) if a teacher does not appeal to an adjudicator within ten days of the 'determination of the board,'; or (2) if an adjudicator appeal is taken, the adjudicator's decision is filed, and neither party rejects it within ten days." *Id.* at 875-76. (quoting Iowa Code § 279.17(1)) (internal citations omitted). The Iowa Supreme Court then considered whether the Iowa legislature, in enacting Iowa Code section 279.17, intended "to provide an exclusive means of challenging the board's action[.]" *Id.* at 877. The Iowa Supreme Court rejected the teacher's argument that a statutory appeal was inadequate and held that revised Iowa Code Chapter 279 provided an exclusive remedy to teachers wishing to challenge their terminations. *Id.* at 878.

Upon reviewing the relevant Iowa case law, the court rejects Plaintiff's reliance on *Moravek* for the proposition that "post-hearing proceedings under Iowa Code Chapter 279 are not required as a condition precedent to assert claims raised by Plaintiff in this case." Pl. Br. in Resistance at 4. As discussed above, the Iowa Supreme Court's decision in *Moravek* was based upon an old version of the Iowa Code, which has since been

substantially revised. The Iowa Supreme Court has repeatedly held that compliance with the statutory remedy is a prerequisite to filing suit. *See Walthart*, 667 N.W.2d at 878; *Bishop*, 346 N.W.2d at 503-04; *Wollenzien*, 297 N.W.2d at 217-18. The court, therefore, concludes that Plaintiff's failure to proceed under Iowa Code section 279.17 constitutes a failure to exhaust administrative remedies. *See Lakota Consol.*, 334 N.W.2d at 706 (discussing three different types of exhaustion). The question remains, however, whether Plaintiff was required to exhaust his administrative remedies before bringing his claim arising under 42 U.S.C. § 1983.

**e.    *Whether Plaintiff's Complaint asserts claims not governed by Iowa Code Chapter 279***

Plaintiff's final argument is that he was not required to exhaust his statutory remedies before filing suit because his Amended Complaint "asserts rights and claims not governed by Chapter 279 of the Iowa Code." Pl. Br. in Resistance at 8. Specifically, Plaintiff argues that "exhaustion of state administrative remedies is not a prerequisite to an action under 42 U.S.C. § 1983." Pl. Br. in Resistance at 6, 8. Courts disagree as to when a plaintiff must exhaust his state administrative remedies before bringing an action under 42 U.S.C. § 1983. *See, e.g.*, Russell J. Davis, Exhaustion of State Administrative Remedies as Prerequisite to Federal Civil Rights Action Based on 42 U.S.C. § 1983, 47 A.L.R. 15 (1980). However, the Eighth Circuit Court of Appeals and the Iowa Supreme Court have both determined that whether a plaintiff must exhaust administrative remedies before bringing suit under 42 U.S.C. § 1983 depends upon the underlying basis for the suit. *See Booker v. City of St. Louis*, 309 F.3d 464, 468 (8th Cir. 2002) (applying exhaustion requirement to procedural due process claim but addressing merits of substantive due process claim); *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000); *see also Blumenthal Invs. Trusts v. City of W. Des Moines*, 636 N.W.2d 255, 263 (Iowa 2001). Consequently, the court will consider separately Plaintiff's claim under procedural due process and substantive due process.

### i.  *Procedural due process*

"Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation states a claim under § 1983." *Wax 'n Works*, 213 F.3d at 1019 (affirming district court's dismissal because plaintiff failed to exhaust administrative remedies before bringing an action for procedural due process); *see also Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42-43 (1st Cir. 1994) (affirming district court's 12(b)(6) dismissal of a plaintiff's procedural due process claim under 42 U.S.C. § 1983 because the availability of an adequate state remedy "is fatal" to such a claim)); *Washington v. Ladue Sch. Dist. Bd. of Educ.*, 564 F. Supp. 2d 1059, 1066 (E.D. Mo. 2008). The court already concluded that Plaintiff failed to exhaust his state administrative remedies before bringing his 42 U.S.C. § 1983 procedural due process claim. The court now concludes that Plaintiff's failure to exhaust his state remedies is fatal to his procedural due process claim. *See Wax 'n Works*, 213 F.3d at 1019; *Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303, 1312-13 (8th Cir. 1997); *Perez-Ruiz*, 25 F.3d at 42-43; *Washington*, 564 F. Supp. 2d at 1066.

### ii.  *Substantive due process*

"In contrast, exhaustion of state remedies is *not* a prerequisite to a § 1983 substantive due process claim." *Blumenthal Invs.*, 636 N.W.2d at 263; *see also Booker*, 309 F.3d at 468. Thus, the court shall consider whether the Amended Complaint states a substantive due process claim. "The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving 'any person of life, liberty, or property, without due process of law[.]" *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (quoting U.S. Const. amend. XIV, § 1). "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "There are two

different ways of stating a substantive due process claim." *Id.* "First, the state violates substantive due process when it infringes 'fundamental' liberty interests, without narrowly tailoring that interference to serve a compelling state interest." *Id.* (quoting *Reno v. Flores*, 507 U.S. 292, 301-02 (1993)). "Second, the state violates substantive due process when it engages in conduct that is so outrageous that it shocks the conscience or otherwise offends 'judicial notions of fairness, [or is] offensive to human dignity.'" *Id.* (quoting *Weimer v. Amen*, 870 F.2d 1400, 1405 (8th Cir.1989)). Courts should be "wary of extending substantive due process into new arenas." *Id.* (citing *Brown v. Nix*, 33 F.3d 951, 953 (8th Cir.1994)).

"'Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated[.]'" *Singleton*, 176 F.3d at 424 (quoting *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 445-46 (8th Cir. 1995)). "An employee's liberty interests are implicated where the employer levels accusations at the employee that are so damaging as to make it difficult or impossible for the employee to escape the stigma of those charges." *Winegar v. Des Moines Indep. Cmty. Sch. Dist.*, 20 F.3d 895, 899 (8th Cir. 1994). "[A]llegations of unjustified child abuse are sufficiently stigmatizing to a teacher's reputation, honor, and good name in the community to implicate liberty interests." *Id.* Iowa teachers also have a protected property interest in their employment by virtue of the continuing contract Iowa Code section 279.13(2) provides. *See id.* Thus, accepting all of the allegations in the Amended Complaint as true, the court concludes that Plaintiff has sufficiently alleged that he possessed a liberty interest in his reputation and a property interest in his employment.

"To determine whether a violation of an individual's substantive due process rights has occurred, the question is whether the officials acted in an arbitrary or capricious manner, or so as to shock the conscience." *Herts v. Smith*, 345 F.3d 581, 587 (8th Cir. 2003). "The constitutional right to substantive due process includes a right to be 'free

from discharge for reasons that are arbitrary and capricious, or in other words, for reasons that are trivial, unrelated to the education process, or wholly unsupported by a basis in fact.'" *Id.* (quoting *N.D. State Univ. v. United States*, 255 F.3d 599, 605 (8th Cir. 2001)) (internal marks omitted). "'[A]n official's conduct must generally be intended to inflict harm to be conscience shocking in the constitutional sense.'" *Id.* (quoting *Hawkins v. Holloway*, 316 F.3d 777, 788 (8th Cir. 2003)).

Accepting as true all of the allegations in the Amended Complaint, Plaintiff has failed to allege sufficient facts to support a substantive due process claim. Plaintiff does not allege, and the facts in the Complaint do not support an allegation, that the West Branch Defendants' reasons for termination were "'trivial, unrelated to the education process, or wholly unsupported by a basis in fact.'" *Herts*, 345 F.3d at 587; *see also C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 634-35 (8th Cir. 2010) (affirming district court's dismissal of substantive due process allegation for failure to state a claim under Rule 12(b)(6)). Likewise, Plaintiff does not claim that the West Branch Defendants intended to inflict harm upon the Plaintiff, *see Hawkins*, 316 F.3d at 788, and Plaintiff alleges no act in the Amended Complaint that could be construed as "so egregious, [or] so outrageous, that it may fairly be said to shock the contemporary conscience." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 574 (8th Cir. 2009). Thus, the court concludes that, even if all of the allegations in the Amended Complaint are true, they simply do not rise to the level of a substantive due process violation. *Cf. Neal v. Fields*, 429 F.3d 1165, 1166 (8th Cir. 2005); *Herts*, 345 F.3d at 587-88. Consequently, the court shall grant the West Branch Motion, insofar as it seeks to dismiss Plaintiff's 42 U.S.C. § 1983 claim.

### 3.    *State law claims*

Having dismissed Plaintiff's federal claim, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The court may

exercise supplemental jurisdiction over claims for which it does not have original jurisdiction "that are so related to the claim in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The Supreme Court has noted that, 'in the usual case in which all federal[] law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state[] law claims.'" *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## V. CONCLUSION

In light of the foregoing, it is **HEREBY ORDERED THAT**:

(1)     Plaintiff's Motion to Remand (docket no. 8) is **DENIED**;

(2)     The West Branch Defendants' Motion to Dismiss (docket no. 6) is **GRANTED IN PART** and **DENIED IN PART** as follows:

     (a)     the West Branch Motion is **GRANTED** with respect to Plaintiff's claim under 42 U.S.C. § 1983 and such claim is **DISMISSED**;

     (b)     the West Branch Motion is **DENIED AS MOOT** with respect to Plaintiff's state law claims;

(3)     The Kober Defendants' Motion to Dismiss (docket no. 7) is **DENIED AS MOOT**;

(3)     Plaintiff's claims arising under Iowa law are **REMANDED** to the Iowa District Court for Cedar County;

(4)     The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 28th day of March, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA